IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE SAGET,                         :
                                      :
              Petitioner,             :        CIVIL NO. 4:CV-06-2473
                                      :
     v.                               :        (Judge Jones)
                                      :
BUREAU OF IMMIGRATION                 :
AND CUSTOMS                           :
ENFORCEMENT'S INTERIM                 :
FIELD OFFICE DIRECTOR FOR             :
DETENTION AND REMOVAL                 :
FOR THE PHILADELPHIA                  :
DISTRICT,                             :
                                      :
              Respondent.             :

## MEMORANDUM

January _3/_, 2007

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Petitioner George Saget ("Petitioner" or "Saget"), a Bureau of Immigration and

Customs Enforcement ("ICE") detainee, commenced this action by filing a pro se

Petition for Writ of Habeas Corpus ("Petition") pursuant to the provisions of 28

U.S.C. § 2241.  The Petition states that Petitioner, a citizen and national of Haiti, has

been ordered removed from the United States, and he is seeking: (1) enforcement of

his removal order, or (2) his supervised release from ICE custody pending removal.

(Rec. Doc. 1 at 2.)  For the following reasons, the Petition will be dismissed, and

based on the Supreme Court's decision in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001),

the Court will refer the Petition to the ICE as a Request for Custody Review under 8

C.F.R. § 241.4.

**DISCUSSION:**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal

pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing

Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977)

(applicable to § 2241 petitions under Rule 1(b)). <u>See</u>, <u>e.g.</u>, <u>Patton v. Fenton</u>, 491 F.

Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly

appears from the face of the petition and any exhibits annexed to it that the petitioner

is not entitled to relief in the district court, the judge shall make an order for its

summary dismissal and cause the petitioner to be notified." A petition may be

dismissed without review of an answer "when the . . . necessary facts can be

determined from the petition itself." <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir.

1970).

Detention, release, and removal of aliens ordered removed is governed by the

provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety (90)

days to remove an alien from the United States after his order of removal becomes

2

final, during which time detention is mandatory.[1]  At the conclusion of the 90-day period, the alien may be held in continued detention, or may be released under continued supervision.  8 U.S.C. §§ 1231(a)(3) & (6).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the United States Supreme Court addressed the issue of whether § 1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the 90-day removal period, or detention is permitted only for a period reasonably necessary to effectuate the alien's deportation. Zadvydas, 533 U.S. at 689.  Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States.  It does not permit indefinite detention." Id. at 689.  The Court stated that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  Id. at 699.  To establish

---

[1] Section 1231(a)(1)(B) provides:
> The removal period begins to run on the latest of the following:
>> (i)  The date the order of removal becomes administratively final.
>> (ii)  If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention." Id. at 701. The Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the six (6) month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id. However, the Court stated that not every alien must be released after six months; rather, an alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Following the Supreme Court's decision in Zadvydas, regulations have been promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the 90-day removal period, the district director shall conduct a custody review for an alien where the alien's removal, while proper, cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(l)(i). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months or refer the alien to the ICE Headquarters Post-order Detention Unit (HQPDU) for further custody review. 8 C.F.R. § 241.4(k)(l)(ii).

Here, Petitioner has received the initial custody review under 8 C.F.R. §

4

241.4(k)(l)(i) on September 11, 2006.  (Rec. Doc. 1 at 8.)  As a result of this review,

Petitioner "was given a decision to continue detention letter" on September 18, 2006

(doc. 1 at 3), and his case was referred to the HQPDU for further custody reviews if

Petitioner had not been released or removed by November 7, 2006.  (Rec. Doc. 1 at 9.)

Although Petitioner requested a subsequent custody review (doc. 1 at 10), he had not

received such a review on the date the Petition was filed.  (Rec. Doc. 1 at 3.)

Inasmuch as the Petitioner has challenged his continued detention by filing a

Petition under section 2241, and it appears that Petitioner has not received a

subsequent custody review as mandated, the Respondent is instructed to treat, as of

this date, the Petition as a Request for Custody Review under 8 C.F.R. § 241.4 and

shall respond to the Request within 30 days.

An appropriate Order shall issue.